# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| MICHAEL LITTLETON and, ) <br> GERRI LITTLETON, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BRANDON MCNEELY and ) <br> WILLIAM WILLHITE, ) <br> ) <br> Defendants/ ) <br> Third-Party Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LISA A. SMEDLEY and ) <br> ROBERT SMEDLEY, ) <br> ) <br> Third-Party Defendants. ) | Case No. 05-4313-CV-C-NKL |

## ORDER

This case stems from an accident at the Lake of the Ozarks that involved two boats and at least five people. Michael Littleton was operating one of the boats and Brandon McNeely was operating the other boat. Gerri Littleton, Robert Smedley and Lisa Smedley were passengers in the boat operated by Michael Littleton.

Plaintiffs Michael and Gerri Littleton have sued Brandon McNeely ("McNeely") for injuries they sustained in the accident. McNeely counterclaimed against Mrs. Littleton, seeking contribution from her in the event McNeely is liable to either Michael Littleton or Mr. and Mrs. Smedley. McNeely counterclaimed against Michael Littleton

1

seeking contribution from him in the event McNeely is liable to Gerri Littleton or Mr. and Mrs. Smedley. McNeely also brought a third party complaint against the Smedleys seeking contribution from them for any judgment recovered against McNeely by either Littleton. Additionally, McNeely has a claim for contribution against Mrs. Smedley in the event McNeely is found liable for Mr. Smedley's injuries and against Mr. Smedley for contribution in the event McNeely is found liable for Mrs. Smedley's injuries.

Pending before the Court are three motions. First is the Littletons' Motion to Dismiss McNeely's counterclaims [Doc. # 60], which will be denied. Second is the Smedleys' Motion for Summary Judgment on McNeely's third-party complaint [Doc. # 61], which will be granted in part and denied in part. And, third is the Littletons' Motion to Exclude Testimony of William A. Randle Pursuant to Daubert and the Federal Rules of Evidence [Doc. # 68], which will be denied as moot.

## I. Introduction

### A. Brief Factual Overview

On June 19, 2005 a boat driven by Brandon McNeely collided with a 1993 Crown Line boat ("the Crown Line"), which was driven by Michael Littleton and occupied by Gerri Littleton, Lisa Smedley and the boat's owner, Robert Smedley. At the time of the accident, the Crown Line party was traveling from a restaurant to the Tan-Tar-A resort. Because Mr. Smedley had been drinking at the restaurant, he asked Mr. Littleton to drive the Crown Line. Mr. Littleton had never previously been on the Lake of the Ozarks, had never driven the Crown Line and was legally intoxicated at the time of the accident.

Before leaving the restaurant Mr. Smedley instructed Mr. Littleton on the proper operation of the Crown Line's lighting system. Mr. Smedley and Mr. Littleton claim that the bow lights and the pole light at the rear of the boat were on at the time of impact. Mr. McNeely claims that they were not on.

### B. Procedural History

Mrs. Smedley filed suit against McNeely in Camden County Circuit Court. Shortly thereafter, the Littletons commenced this proceeding against McNeely, which also began in state court. McNeely removed the Littletons' suit to federal court, but did not remove Mrs. Smedley's suit. It remains pending in state court.

## II. Discussion

### A. The Littletons' Motion to Dismiss

The Littletons move to dismiss McNeely's counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that McNeely has failed to state a claim upon which relief can be granted. In the alternative, the Littletons ask the Court to enter judgment on the pleadings in their favor pursuant to Rule 12(c). Because the Littletons have already answered McNeely's counterclaim, the Court will only consider their request for judgment on the pleadings. *See Westcott v. Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

Rule 8(a)(2) requires counterclaims to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement's purpose is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it

rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99 (1957). To that end, the federal notice pleading standard "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema*, 534 U.S. 506, 512, 122 S.Ct. 992 (2002). *See also*, *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992) ("Complaints in a system of notice pleading initiate the litigation but recede into the background as the case progresses. Later documents . . . refine the claims; briefs and memoranda supply the legal arguments that bridge the gap between facts and judgments.")

In his first counterclaim, McNeely claims the June 19, 2005 accident was Mr. Littleton's fault and seeks contribution from Mr. Littleton for any judgment recovered against him by Mrs. Littleton or the Smedleys. In the second counterclaim, McNeely claims the accident was Mrs. Littleton's fault and seeks contribution from Mrs. Littleton for any judgment recovered against him by Mr. Littleton or the Smedleys. Though McNeely's counterclaims provide little detail, they are sufficient to put the Littletons on notice that (1) McNeely alleges the accident was their fault, and (2) McNeely is suing them for contribution for any judgment recovered against him by the other individuals in the boat. *United States v. Davis*, 31 F. Supp.2d 45, 60 (D.R.I. 1998) ("Notice pleading does not require any magic words to describe the relief sought. It is sufficient that the complaint fairly apprises the defendants of the claim being made."). Therefore, McNeely's counterclaims against Mr. and Mrs. Littleton satisfy the federal court's notice pleading requirement.

4

### B. The Smedley's Motion for Summary Judgment

In his third-party complaint, McNeely asserts three counts against the Smedleys. McNeely, acting as a third-party plaintiff, may bring the Smedleys into this action if the Smedleys "[are] or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed. R. Civ. P. 14(a).

#### 1. Count I - Third Party Complaint

In Count I of his Third Party Complaint, McNeely asserts a contribution claim against both Robert and Lisa Smedley for any damages recovered from McNeely by the Littletons. Contribution is appropriate when one party is compelled to pay more than a fair share of a common obligation. *United States Fidelity & Guaranty Co. v. Commercial Union Ins. Co.*, 943 S.W.2d 640, 642 (Mo. banc 1997). Accordingly, McNeely's contribution claim may only be maintained if the Smedleys can be held liable for the Littletons' injuries.

##### a. Robert Smedley

McNeely argues that Mr. Smedley is liable for the Littletons' injuries because he negligently entrusted the Crown Line to Mr. Littleton. To establish negligent entrustment under Missouri law, McNeely must prove that (1) Mr. Smedley entrusted the Crown Line to Mr. Littleton; (2) due to Mr. Littleton's youth, inexperience or otherwise, there was a likelihood that he would use the Crown Line in a manner involving an unreasonable risk of harm to himself and others; (3) Mr. Smedley had actual or imputed knowledge of such likelihood; and (4) Mr. Littleton's conduct was the proximate cause of his and Mrs.

5

Littleton's injuries. *Pritchett v. Kimberling Cove, Inc.*, 568 F.2d 570, 575-76 (8th Cir. 1978).

McNeely easily satisfies the first element of negligent entrustment given that Mr. Smedley owned the Crown Line, and either asked or gave permission to Mr. Littleton to drive the boat after leaving the restaurant.

As to the second and third elements, prior to the weekend of the accident, Mr. Littleton had never been on the Lake of the Ozarks. The trip which began at the restaurant and ended with the accident was the only time Mr. Littleton had driven the Crown Line. Mr. Littleton was legally intoxicated at the time of the accident, and required instruction on how to operate the boat's lighting system. For his part, Mr. Smedley had actual or imputed knowledge that Mr. Littleton had been drinking, had never previously driven the Crown Line, and required instruction on the proper operation of the Crown Line's lighting system. Viewing the evidence in the light most favorable to Mr. McNeely, he could establish the second and third elements of a negligent entrustment claim.

As to the fourth element, a question of material fact exists as to whether Mr. Littleton's conduct was the proximate cause of the accident. Mr. Littleton was operating a boat that was unfamiliar to him on a lake that was unfamiliar to him. Mr. Littleton was intoxicated and lost. A question exists as to whether the lights on the boat navigated by Mr. Littleton were illuminated.

Considering only the issues raised by Robert Smedley in his Motion for Summary

Judgment, the Motion is denied.

### b. Lisa Smedley

It is undisputed that Lisa Smedley did not own the Crown Line. It is undisputed that Lisa Smedley never operated the Crown Line and never directed or attempted to direct Mr. Littleton's operation of the boat. In fact, McNeely has produced no evidence that Lisa Smedley had any impact on Mr. Littleton while he was operating the Crown Line. The case law cited by McNeely focuses on cases where a vehicle operator's negligence is imputed to the vehicle passenger/owner on the ground that a principal-agent relationship exists between the owner and driver of a vehicle. *See generally, Kieffer v. Bragdon*, 278 S.W.2d 10 (Mo. Ct. App. 1955); *Bauer v. Holtkamp*, 389 S.W. 850 (Mo. Ct. App. 1965); *James v. Berry*, 301 S.W.2d 530 (Mo. Ct. App. 1957). Because Mrs. Smedley did not own the Crown Line, a principal-agent relationship between Mr. Littleton and Mrs. Smedley may not be established under the authority cited by McNeely. Moreover, no evidence has been submitted that Mrs. Smedley played any role in Mr. Smedley's decision to allow Mr. Littleton to drive the Crown Line; therefore, McNeely may not maintain a negligent entrustment claim against her. *Pritchett v. Kimberling Cove, Inc.*, 568 F.2d 570, 575-76 (8th Cir. 1978) (noting that, to prove negligent entrustment under Missouri law, one must first prove a party entrusted chattel to another).

Furthermore, Mrs. Smedley may not be held liable under the theory that she engaged in a joint enterprise with Mr. Smedley and the Littletons. In order to prove a joint enterprise, McNeely would have to show: "(1) an agreement, express or implied,

7

among the members of the group, (2) a common purpose to be carried out by the group, (3) a community of interests, among the group, in that purpose, and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control." *Mitchem v. Gabbert*, 31 S.W.3d 538, 541 (Mo. Ct. App. 2000) (citation omitted). No evidence has been submitted that Mrs. Smedley had any right to control the Crown Line's operations in any way. Thus, Mrs. Smedley may not be held liable for the Littletons' injuries under a joint enterprise theory of recovery. *Id.* at 542 ("As a general rule, the negligence of a driver of an automobile will not be imputed to a mere guest or passenger who has no control or authority over the automobile or over the driver.").

Similarly, Mrs. Smedley may not be held liable under the theory that she engaged in a joint adventure with Mr. Smedley and the Littletons. A joint adventure is "a special combination of two or more persons jointly seeking a profit in some specific venture without actual partnership or corporate designation." *Fulton v. Fulton*, 528 S.W.2d 146, 155 (Mo. Ct. App. 1975). To prove Mrs. Smedley was involved in a joint adventure with the other Crown Line occupants, McNeely must show there was "a community of interest in the accomplishment of a common purpose, a joint proprietary interest in the subject matter, a mutual right of control, a right to share in any profits, and a duty to share in any losses." *Id.* (citation omitted). No evidence has been submitted that Mrs. Smedley had any right to control the Crown Line's operations. Furthermore, no evidence has been submitted that Mrs. Smedley had a pecuniary interest in the group's outing. Having your dinner paid by a friend before driving home does not turn this event into a commercial

8

enterprise or joint adventure. Thus, Mrs. Smedley may not be held liable for the Littleton's injuries under a joint adventure theory of recovery.

In short, McNeely has produced no evidence that any action or inaction by Mrs. Smedley results in her liability for the Littletons' injuries. Thus, summary judgment is granted as to McNeely's contribution claim against Mrs. Smedley in Count I.

### 2.     Counts II and III - Third Party Complaint

In Count II of his Third Party Complaint, McNeely asserts a contribution claim against Robert Smedley for any damages recovered from McNeely by Lisa Smedley. Similarly, in Count III, McNeely asserts a contribution claim against Lisa Smedley for any damages recovered from McNeely by Robert Smedley.

The Smedleys argue that summary judgment should be granted on Counts II and III because McNeely failed to remove Mrs. Smedley's state court action and because neither Robert nor Lisa Smedley has brought an injury cause of action in this case. The Smedleys, however, have not provided, and the Court is not aware of, any authority for the proposition that McNeely may not bring these contribution actions in this proceeding.

It is true that neither Count II nor Count III may be brought in this proceeding pursuant to Rule 14. Rule 14 allows a defendant to bring in third parties when the third party may be liable for any or all of the plaintiff's claim against the defendant. Fed. R. Civ. P. 14(a). In Counts II and III, McNeely makes no claim that either Mr. or Mrs. Smedley is liable for any of the Littletons' claims against him. Counts II and III may still survive, however, if they may be properly joined in this action pursuant to Federal Rule

9

of Civil Procedure 18. Rule 18 allows McNeely to join, "either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Fed. R. Civ. P. 18(a). McNeely has asserted a valid Rule 14 claim against Mr. Smedley in Count I, which makes McNeely and Mr. Smedley opposing parties in the instant action. Therefore, pursuant to Rule 18, Count II is appropriately joined with this action. McNeely, however, failed to assert a valid Rule 14 claim against Mrs. Smedley in Count I. Thus, McNeely and Mrs. Smedley are not opposing parties in this action and Count III may not be joined. In addition, there is no evidence that Mrs. Smedley is liable for any injuries sustained in this accident. Summary Judgment is granted in favor of Mrs. Smedley on Count III.

### C. The Littletons' Motion to Exclude William A. Randle's Expert Testimony

As discussed in a recent phone conference, the Littletons' Motion to Exclude William A. Randle's Expert Testimony [Doc. # 68] is denied as moot.

### III. Conclusion

Accordingly, it is hereby

(1) ORDERED that the Littletons' Motion for Judgment on the Pleadings [Doc. # 60] is DENIED;

(2) ORDERED that the Smedleys' Motion for Summary Judgment [Doc. # 61] on McNeely's Third-Party Complaint is

    (a) GRANTED as to Count I against Mrs. Smedley,

10

(b) DENIED as to Count I against Mr. Smedley,

(c) DENIED as to Count II, and

(d) GRANTED as to Count III; and

(3) ORDERED that the Littletons' Motion to Exclude Testimony of William A. Randle Pursuant to Daubert and the Federal Rules of Evidence [Doc. # 68] is DENIED as moot.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

DATE: October 25, 2006
Jefferson City, Missouri