IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MICHAEL LITTLETON and, ) | |
| GERRI LITTLETON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 05-4313-CV-C-NKL |
| ) | |
| BRANDON MCNEELY and ) | |
| WILLIAM WILLHITE, ) | |
| ) | |
| Defendants/ ) | |
| Third-Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ROBERT SMEDLEY, ) | |
| ) | |
| Third-Party Defendant. ) | |

ORDER

Pending before the Court is Defendant Brandon McNeely's ("McNeely") Motion for Judgment as a Matter of Law [Doc. # 241] and Motion to Amend Judgment [Doc. #251] made pursuant to Fed. R. Civ. P. 50(b). For the reasons set forth below, McNeely's motion for Judgment as a Matter of Law is DENIED. McNeely's Motion to Amend Judgment is DENIED in part and GRANTED in part.

**I.      Background**

On June 19, 2005, a boat driven by McNeely on the Lake of the Ozarks collided with a boat driven by Plaintiff Michael Littleton and occupied by Gerri Littleton, Lisa

1

Smedley and the boat's owner, Robert Smedley.  The Littletons filed suit in state court seeking recovery for injuries they sustained in the accident.  McNeely counterclaimed for contribution from the Littletons and filed third party complaints for contribution against the Smedleys.

McNeely properly claimed a theory of joint venture in his original counterclaim pursuant to Fed. R. Civ. P. 8(c).  (Doc. # 3).  Under this theory, McNeely claimed that any liability incurred by Michael Littleton as the driver of the boat was attributable to Robert Smedley, as the owner and passenger in the boat.   Throughout the pleadings, McNeely maintained his claim for contribution against Smedley on the basis of joint venture.  *See e.g.* (Doc. # 107).  However, McNeely did not propose a jury instruction on joint venture before or during trial.  Instead, McNeely proposed a jury instruction directing the jury to find Smedley liable under a "captain of the ship" theory under federal maritime law.  *See* (Doc. # 208).  The Court denied the instruction on the basis that the Lake of the Ozarks was not a navigable waterway under maritime law and, therefore, McNeely could not recover under a theory of "captain of the ship."  *See Three Buoys Houseboat Vacations USA Limited v. Morts*, 921 F.2d 775 (8th Cir. 1990).

While he did not submit an instruction on joint venture, McNeely did move for judgment as a matter of law on his contribution claim against Smedley.  McNeely claimed that because Smedley and Littleton were involved in a joint venture, Michael Littleton's fault must be imputed to Robert Smedley for any damage caused by Michael Littleton.

Ultimately, a jury found Michael Littleton 55% at fault and McNeely 45% at fault

2

Case 2:05-cv-04313-NKL   Document 264   Filed 10/15/07   Page 2 of 9

for the collision. The jury determined that Michael Littleton's damages were $200,000 and Gerri Littleton's damages were $12,500 for personal injury and $10,000 for loss of consortium. The jury found that Robert Smedley owed McNeely no contribution for the accident, necessarily concluding that Smedley was not responsible for entrusting the boat to Michael Littleton. (Doc. # 244). McNeely now renews his Motion for Judgment as a Matter of Law on his claim for contribution against Smedley and asks the Court to amend the Clerk's Judgment to properly reflect the assessments made by the jury.

## II.     Legal Standards

A failure to submit an instruction against a defendant waives any point of error the plaintiff may have regarding that claim against the defendant. *Whitted v. Healthline Mgm't, Inc.*, 90 S.W.3d 470, 479-80 (Mo. Ct. App. 2002) (citing *Benson Optical Co. v. Floerchinger*, 810 S.W.2d 531, 533-34 (Mo. Ct. App. 1991)). The claim is waived even if it is properly pleaded, but a jury instruction is not submitted. *Floerchinger*, 810 S.W.2d at 536. Likewise, federal law provides that a party must submit a timely objection to instructions in order to preserve an objection, *Federal Rule of Civil Procedure 51,* and a District judge has the inherent authority to enforce its scheduling order.

Judgment as a matter of law "is in order only where the evidence points all one way and is susceptible to no reasonable inferences sustaining the position of the nonmoving party." *Meisner v. United States*, 133 F.3d 654, 656 (8th Cir. 1998). All evidence must be viewed in the light most favorable to the non-movant. *Id*.

## II.     Imputed Negligence Under Missouri Law

3

McNeely argues that under a theory of joint venture or joint enterprise, Littleton's fault for the boat collision must be imputed to Robert Smedley. (Def. Mot., 6). The requirements for a showing of "joint venture" under Missouri law are: (1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control. *Manley v. Horton*, 414 S.W.2d 254, 260 (Mo. 1967) (citing Restatement of Torts 2d § 491). When a "joint enterprise" is alleged, there is no need to prove the third element of pecuniary interest. *McSorley v. Hauck*, 883 S.W.2d 562, 566 (Mo. Ct. App. 1994). "Whether these elements exist is frequently a question for the jury, under proper direction from the court." *Horton*, 414 S.W.2d at 260.

Because McNeely failed to propose a jury instruction regarding Robert Smedley's liability under a theory of joint venture or joint enterprise, he waived his right to submit this dispute to the jury. Therefore, the only question is whether McNeely is entitled to judgment as a matter of law on his claim for contribution from Smedley. Because there is a factual dispute about whether Smedley had equal control of the boat at the time of the collision, McNeely is not entitled to judgment as a matter of law.

There was testimony at trial that Robert Smedley turned the keys of the boat over to Michael Littleton and did not back seat drive on the trip back to Tan-Tar-A. Smedley did not voice an opinion about which route should be taken by Michael Littleton and it was Littleton's sole decision to stop the boat in the Lake of the Ozarks at night to

4

determine his location. Indeed, for much of the return trip, Smedley was in the back of the boat talking to his wife about their impending divorce. This evidence clearly puts in dispute the question of whether Smedley and Littleton were in joint control of the boat at the time of the collision.

McNeely seems to be arguing, nonetheless, that because Smedley was the owner of the boat he had joint control of it as a matter of law, even if the facts showed that he was not in fact in control of the boat. In other words, ownership automatically supplies the element of control necessary to establish a claim for joint enterprise. However, none of the cases cited by McNeely announce such a rule and in each case cited, the matter was submitted to the jury, not resolved by the court as a matter of law. Of particular importance to this matter is *Hamilton v. Slover,* 440 S.W. 3d 947 (Mo. 1969), which McNeely cites in support of his position, and *Stover v. Patrick,* 459 S.W. 2d 393 (Mo. Banc. 1970), which overruled *Hamilton v. Slover.* In *Stover,* the Missouri Supreme Court held that the fault of a husband could not be imputed to his wife merely because she was an owner of the vehicle and a passenger in it at the time of a collision. The Missouri Supreme Court relied on numerous cases from other jurisdictions which held that a passenger in a vehicle does not realistically have control of the vehicle merely because of ownership. Therefore, the Court concludes that Missouri courts would not impute negligence as a matter of law based solely on ownership.[1]

---

[1] McNeely cites *Perricone v. DeBlaze,* 655 S.W. 2d 724 (Mo. App. 1983), in support of his argument that an owner is liable for the negligence of the driver when the owner is a
5

Finally, the Court rejects McNeely's assertion that there is no meaningful difference between "captain of the ship" and "joint venture" or "joint enterprise." (Def. Mot., 6). A "captain of the ship" instruction requires the jury to find that the owner of the vessel "had the opportunity to direct" the driver. *See* Model Jury Instruction 8.40. A "joint enterprise" theory of liability requires the jury to find that the driver had "equal control" over the direction of the enterprise. Because the instructions are materially different in their elements and there is a disputed issue of fact concerning joint control, McNeely is not entitled to judgment as a matter of law.

### III. Award of Damages

McNeely argues that the Court's Order [Doc. # 244] incorrectly assesses the judgments between the parties. McNeely argues that 1) judgment in favor of Gerri Littleton and against McNeely on her loss of consortium claim should be $4,500 and not $10,000, because it is derivative to Michael Littleton's claim for personal injury; 2) the Court should enter separate judgments against McNeely and Michael Littleton; and 3) the Court should enter judgment against Robert Smedley for 55% of the Littletons' damages. The Court will grant McNeely's motions for amendment of loss of consortium damages and separate judgments. The Court will deny McNeely's motion insofar as it requests liability be imputed to Robert Smedley.

---

passenger in the car. *Perricone* was decided after *Stover v. Patrick,* and is in direct conflict with it. It is therefore not reliable precedent to predict how Missouri court's would deal with this issue.

6

Under Missouri law, a claim for loss of consortium is derivative of the injured spouse's claim, which means the defendant must be proved to have caused the original injury, which in turn caused the spouse to suffer. A spouse is "not automatically entitled to damages for such a claim, and loss of consortium is a separate personal injury." *Larose v. Washington Univ.*, 154 S.W.3d 365, 372-73 (Mo. Ct. App. 2004) (citing *Wright v. Barr*, 62 S.W.3d 509, 536 (Mo. Ct. App. 2001)); *Maddox v. Truman Med. Ctr., Inc.*, 727 S.W.2d 152, 154 (Mo. Ct. App. 1987) (ruling that a loss of consortium claim could survive although the underlying personal injury claim was time-barred).

The Missouri Supreme Court has not squarely addressed whether, under comparative fault principles, the recovery of a spouse claiming loss of consortium should be reduced or barred by the fault of the physically injured spouse. However, persuasive authority from other jurisdictions and a Missouri appellate court leads the Court to conclude that loss of consortium damages should be reduced for the fault of a spouse, because such claims are derivative and damages caused by a husband, should not be recoverable by his wife.

In *Thompson v. Brown & Williamson Tobacco Corp.* 207 S.W.3d 76 (Mo. Ct. App. 2006), the Missouri appellate court affirmed the trial court's judgment on Christi Thompson's loss of consortium claim related to injuries her husband suffered as a result of two tobacco companies' negligence (50%) and his own comparative fault (50%). Christi Thompson's damages were reduced by Michael Thompson's comparative fault. 207 S.W.3d 76, 86 (Mo. Ct. App. 2006). In *Harvey v. Farmers Ins. Exchange*, the

7

Colorado court of appeals ruled that, because loss of consortium damages result from the breach of the same duty, the proper apportionment of fault, and therefore of damages, is the same as for the negligence claim. 983 P.2d 34, 41 (Colo. Ct. App. 1998). This also follows the rule announced by the clear majority of jurisdictions considering the issue. *See Tuggle v. Allright Parking Systems, Inc.*, 922 S.W.2d 105, n.2-3 (Tenn. 1996) (providing a review of jurisdictions following the majority and minority rules). From this authority, it appears clear that Gerri Littleton's personal injury claim should be reduced by 55%.

McNeely moves to amend the Clerk's judgment to enter judgment for Michael Littleton against McNeely for $90,000, for Gerri Littleton against McNeely for $12,500 for personal injury and $4,500 for loss of consortium. McNeely also moves to amend the Clerk's judgment to enter judgment in favor of McNeely against Michael Littleton for $5,625 for Gerri Littleton's personal injury. Since the Littletons raised no objection to entering two judgments, one for damages and one for contribution, the Court will enter judgment accordingly.

McNeely's Motion for Judgment as a Matter of Law [Doc. # 241] is DENIED and Motion for Amended Judgement [Doc. # 251] is DENIED in part and GRANTED in part.

The Court's Order of August 3, 2007, and the Judgment of August 3, 2007, is amended as follows:

    A.    Judgment is entered in favor of Michael Littleton and against Brandon McNeely in the amount of $90,000 for personal injuries.

B.  Judgment is entered in favor of Gerri Littleton and against Brandon McNeely in the amount of $12,500 for personal injuries and $4,500 for loss of consortium.

C.  Judgment is entered in favor of Brandon McNeely and against Michael Littleton for $12,375 for contribution for Gerri Littleton's personal injuries.

D.  Judgment is entered in favor of Robert Smedley on all of Brandon McNeely's claims against Robert Smedley.

IT IS SO ORDERED.

                                                s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

DATE: October 15, 2007
Jefferson City, Missouri