IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MICHAEL LITTLETON and, ) | |
| GERRI LITTLETON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 05-4313-CV-C-NKL |
| ) | |
| BRANDON MCNEELY and ) | |
| WILLIAM WILLHITE, ) | |
| ) | |
| Defendants/ ) | |
| Third-Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ROBERT SMEDLEY, ) | |
| ) | |
| Third-Party Defendant. ) | |

**ORDER**

Pending before the Court is Defendant Brandon McNeely's ("McNeely") Motion for a New Trial [Doc. 252]. For the reasons stated below, McNeely's Motion is DENIED.[1]

**I.    Factual and Procedural Background**

On June 19, 2005, McNeely was driving a boat on the Lake of the Ozarks that collided with a boat driven by Plaintiff Michael Littleton, and occupied by Gerri Littleton,

---

[1]The Court has addressed McNeely's claim based on arguments raised during trial. His Motion for New Trial is so conclusory it has not put the Court on notice of any other arguments.

1

Lisa Smedley and the boat's owner, Robert Smedley (the "Smedleys"). The Littletons filed suit in state court seeking recovery for injuries they sustained in the accident. McNeely counterclaimed for contribution from the Littletons and filed third party complaints for contribution against the Smedleys. Ultimately, a jury found Michael Littleton 55% at fault and McNeely 45% at fault. McNeely alleges seven errors that he believes justify a new trial. The alleged errors fall into two general categories: 1) the Court failed to permit discovery and admit evidence related to the Littletons' presence at "Party Cove," a recreational area within Lake of the Ozarks State Park known for significant boat traffic as well as wide-spread consumption of alcohol; and 2) the Court failed to admit certain evidence concerning intoxication and failed to properly instruct the jury as to Gerri Littleton's and Michael Littleton's level of intoxication.

## II. Defendant's Motion for Judgment as a Matter of Law or in the Alternative for a New Trial

### A. Legal Standard - New Trial

A new trial is warranted when the initial trial results in a "miscarriage of justice." *Harris v. Secretary, U.S. Dep't of Army*, 119 F.3d 1313, 1318 (8th Cir. 1997). Such a miscarriage of justice may be the result of "a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial." *Gray v. Bicknell*, 86 F.3d 1472, 1480 (8th Cir. 1996). To determine if the new trial should be granted, "the trial court can rely on its own reading of the evidence—it can weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." *Harris*,

2

119 F.3d at 1318 (quotation omitted).  In order to grant a new trial based on trial court error, the Court must determine that the evidentiary or instructional ruling was so prejudicial that retrial would likely produce a different result.  *See O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1200 (8th Cir. 1990).

> **B.** **Discussion - McNeely's Grounds for New Trial**
>
> **1.** **Evidence of the Littletons' Presence at Party Cove**

McNeely argues that the Court erred in restricting discovery and evidence with regard to the Littletons' presence at Party Cove on the day the accident occurred, including photographs "obviously taken" at Party Cove.  (Def. Mot. ¶¶ 1-2).  The Court granted the Littletons' Motion in Limine to Prevent Any Mention of "Party Cove" because of the prejudicial inferences carried by the term.  The minor relevance of Party Cove to this lawsuit was far outweighed by its prejudicial impact.  Furthermore, there was ample evidence of Michael Littleton's intoxication at the trial; it was often the focus of McNeely's case.  Michael Littleton and Smedley acknowledged during trial that they consumed alcohol before the collision and counsel for Smedley mentioned in his opening statement that the Smedleys and the Littletons left the resort and went to a "cove" where they "consume[d] some beer."  It is clear from the jury's verdict that the jurors assessed substantial fault to Michael Littleton as a result of his alcohol consumption.  If they would have assessed greater fault against Michael Littleton because of the Party Cove pictures, it would have been because they disapproved of the pictures, not because they concluded Michael Littleton was more intoxicated than the evidence suggested.  The same would be

true for their assessment of Gerri Littleton and her testimony.

McNeely's argument that he was denied a fair trial because he was not able to discuss Party Cove with the jury is without support in the record.

### 2. Michael Littleton's and Gerri Littleton's Intoxication

McNeely argues that the Court erred in overruling McNeely's objection to the Littletons' closing argument in which their counsel stated that Gerri Littleton tested negative for alcohol after the accident. McNeely's counsel argued in closing that no blood alcohol test had been run on Gerri Littleton, despite her testimony to the contrary, and that she "could say a lot of things but it doesn't mean they're true." In his closing, the Littletons' counsel disputed that argument stating that "Gerri Littleton had the same blood work done at the same hospital with the same printout." McNeely's counsel argued that Gerri Littleton's screen was only for drugs, not alcohol, and therefore no evidence supported the argument that she had tested negative for alcohol; McNeely further requested an instruction to the jury that Gerri Littleton's blood had not been tested for alcohol.

Both parties' counsel encouraged the jury to examine Exhibit 25, which showed the printout of Gerri Littleton's blood test. After comparing the printout to that of Michael Littleton, Exhibit 2, the Court concluded that it was a reasonable inference from a comparison of the blood test printouts that the same blood test had been administered and Michael Littleton's report showed alcohol because it was present in his bloodstream. The absence of such a notation on Gerri Littleton's report could be because she had no

4

alcohol in her blood. Because such an inference could be made from the evidence, the Court overruled McNeely's objection. The Court did not abuse its discretion under these circumstances.

Even if the Court erred, which it did not, McNeely received a very favorable verdict considering the totality of the evidence and a new trial for such a marginal issue is unwarranted. Gerri Littleton's consumption of alcohol was of marginal relevance since she was a mere passenger in the boat. In fact, the record demonstrates that not even McNeely's counsel explained to the jury how Gerri Littleton's alleged alcohol consumption contributed to the accident or was otherwise relevant. Therefore, any error that did occur as a result of these statements during closing argument was harmless.

McNeely argues that the jury should have been instructed under M.A.I. 17.21 to find against Michael Littleton because he was intoxicated and therefore negligent. This issue, however, was adequately addressed in the other jury instructions which permitted the jury to assess fault against Michael Littleton if he failed to keep a careful lookout or failed to properly display his headlights. Throughout the trial and during closing argument, counsel for McNeely argued that Michael Littleton was drunk and this was the reason he didn't put the lights on properly or keep a careful lookout to avoid the collision. Missouri cases make it clear that intoxication is only relevant if it causes an accident, and Michael Littleton's intoxication could only cause the collision if it impaired his lookout or caused him not to turn the lights on. It is clear from the verdict that the jury understood this because of the large percentage of fault assessed to Michael Littleton.

5

Only his intoxication could explain such a large assessment of fault, given the circumstances of this collision. Therefore, McNeely was not entitled to a separate instruction that permitted them to assess fault against Michael Littleton because of his intoxication with no reference to how his intoxication caused the accident.

McNeely further argues that the Court erred by refusing to permit his negligence per se claim for contribution against Michael Littleton. Although McNeely does not specify which Missouri statute is the basis for that claim, it is presumed that McNeely intends Mo. Rev. Stat. § 306.111, which prohibits driving a vessel on Missouri lakes while under the influence of alcohol. Under Missouri law, a party pleading an action in negligence per se must meet four requirements: (1) a violation of a rule or regulation; (2) that the injured party was within the class of persons intended to be protected by the statute or ordinance; (3) that the injury complained of must be of the nature that the statute is designed to prevent; and (4) that the violation of the statute or ordinance must be the proximate cause of the injury. *Gipson v. Slagle*, 820 S.W.2d 595, 597 (Mo. Ct. App. 1991). At no point did McNeely plead the violation of any Missouri statute as the basis for his contribution claim. More importantly, he was not prejudiced by the instructions which were given because McNeely was not entitled to a verdict directing instruction that Michael Littleton's intoxication alone was the proximate cause of his damages. While Michael Littleton's intoxication may have caused him not to turn on the lights or interfered with his ability to keep a careful lookout, there is no evidence of some other event that caused this accident, much less one related to his intoxication. Nor did

6

McNeely's lawyer ever identify such an event to the Court.  The jury clearly took Michael Littleton's intoxication into account when they decided that he was 55% at fault.

Finally, McNeely argues that the Court erred in ordering that his expert toxicologist, Dr. Curtis Klaassen, could not testify about the standards for blood alcohol content and intoxication in Missouri and other jurisdictions.  Fed. R. Evid. 402 provides that irrelevant evidence is not admissible.  Fed. R. Evid. 403 further provides that relevant evidence may be excluded if it is substantially outweighed by unfair prejudice or confusion of the issues.  Even if McNeely could persuade the Court that Dr. Klaassen's testimony was relevant, testimony about legal intoxication would unfairly mislead the jury and confuse the ultimate issues in the trial by suggesting that the jury could assess fault against Michael Littleton solely because of his intoxication without regard for whether his intoxication was the proximate cause of the accident.  As previously explained, no reasonable person reviewing the transcript in its entirety could conclude that Michael Littleton's intoxication alone caused the accident.  It was his failure to keep a careful lookout, or his failure to turn the lights on, that caused the accident.

McNeely further alleges that the Court erred by restricting Dr. Klaassen's testimony regarding the relationship between blood alcohol content and Michael Littleton's impairment.  The Court permitted Dr. Klaassen to testify that after blood alcohol content reaches .05, impairment increased "exponentially not linearly."  In other words, the Court permitted counsel's request for Dr. Klaassen to testify that "a little more alcohol makes a big difference."  The jury also heard evidence as to Michael Littleton's

blood alcohol content and, given all the evidence, could draw its own inferences as to his impairment at the time of the collision. Dr. Klaassen's testimony that there was a scientific, quantifiable correlation between Michael Littleton's intoxication and his impairment is not reliable and would have been misleading to the jury. Finally, no offer of proof was made to preserve this evidence for appellate review.

### III. Conclusion

Accordingly, it is hereby

ORDERED that Defendant's Motion for a New Trial [Doc. 297] is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: October 15, 2007
Jefferson City, Missouri

8