IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MICHAEL LITTLETON and, ) <br> GERRI LITTLETON, ) <br> ) <br>     Plaintiffs, ) <br> ) <br>   v. ) <br> ) <br> BRANDON MCNEELY and ) <br> WILLIAM WILLHITE, ) <br> ) <br>     Defendants/ ) <br>     Third-Party Plaintiffs, ) <br> ) <br>   v. ) <br> ) <br> ROBERT SMEDLEY, ) <br> ) <br>     Third-Party Defendant. ) | Case No. 05-4313-CV-C-NKL |

**ORDER**

Pending before the Court is Plaintiff Michael Littleton's ("Littleton") Motion to Strike Defendant Brandon McNeely's Bill of Costs [Doc. # 276] made pursuant to Fed. R. Civ. P. 54(d)(1). Because McNeely is a "prevailing party" under Rule 54(d)(1), Littleton's Motion is DENIED.

**I.      Background**

On June 19, 2005, a boat driven by McNeely on the Lake of the Ozarks collided with a boat driven by Plaintiff Michael Littleton and occupied by Gerri Littleton, Lisa Smedley and the boat's owner, Robert Smedley. The Littletons filed suit in state court

1

seeking recovery for injuries they sustained in the accident. McNeely counterclaimed for contribution from Michael Littleton for any damages incurred by his wife, Gerri Littleton. McNeely also sought to reduce Michael Littleton's damages for comparative fault.

Ultimately, a jury found Michael Littleton 55% at fault and McNeely 45% at fault for the collision. The jury determined that Michael Littleton's damages were $200,000 and Gerri Littleton's damages were $12,500 for personal injury and $10,000 for loss of consortium. The jury found that Robert Smedley owed McNeely no contribution for the accident, necessarily concluding that Smedley was not responsible for entrusting the boat to Michael Littleton. (Doc. # 244). Littleton now claims that only he is the "prevailing party" under Fed. R. Civ. P. 54(d)(1), and McNeely, therefore, cannot recover costs.

Pursuant to Rule 54(d), "costs other than attorneys fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1); *Delta Airlines v. August*, 450 U.S. 346, 351 (1981). District courts enjoy great discretion in awarding costs. *Koppinger v. Cullen-Schiltz & Associates*, 513 F.2d 901, 911 (8th Cir. 1975). *See also Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002) (citing *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 458 (8th Cir. 2000); *Urseth v. Dayton,* 680 F. Supp. 1150, 1158 (S.D. Ohio 1987) (citing *W.R. Grace & Co. v. Hargadine*, 392 F.2d 9, 20 (6th Cir. 1968)).

Littleton argues that McNeely is not entitled to attorneys' fees under Rule 54(d). In support of his argument, he cites *Garonzik v. Whitman Diner*, 910 F. Supp. 167 (D.N.J.1995), *Weseloh-Hurtig v. Hepker*, 152 F.R.D. 198 (D. Kan.1993), and *Fahey v.*

2

*Carty*, 102 F.R.D. 751 (D.N.J.1983) for the proposition that in comparative negligence cases where the jury has determined that the plaintiff is partially at fault, Rule 54(d) mandates costs to the plaintiff as the prevailing party. In *Garonzik*, *Hepker* and *Fahey*, however, the "non-prevailing" parties contested some or all of the plaintiff's bill of costs in part because some fault was assessed against the plaintiff. Those cases only stand for the proposition that plaintiffs can recover costs even though some fault has been assessed against them. In this case McNeely, the defendant, is seeking costs as the prevailing party, not contesting the right of Plaintiff to recover costs. Therefore, the cases cited by Littleton are not controlling.

McNeely is clearly the prevailing party on his counterclaim against Littleton for the damages sustained by Littleton's wife, Gerri Littleton, and there is a presumption that he should recover his costs to the extent McNeely's costs relate to this counterclaim. *See Janis v. Biesheuvel*, 428 F.3d 795, 801 (8th Cir. 2005). In *Moore v. Cordes*, 19 S.W.3d 168, 169-70 (Mo. Ct. App. 2000), a Missouri court noted that a claim and a counterclaim are not set off against the other in a comparative fault case. Rather, each claim presents a separate issue. In the case of money judgments on multiple causes of action, counterclaims do not reduce claims - only the comparative fault of each actor does. *Id*. The claimant and counterclaimants may all have verdicts based on damages proximately incurred from the breach of duty owed by one to another - and then have them entered as judgments as reduced by the court by the percentage of fault assessed to that actor. *Id*. (citing *Jorgensen v. City of Kansas City*, 725 S.W.2d 98, 111 (Mo. Ct. App. 1987)).

3

Case 2:05-cv-04313-NKL   Document 280   Filed 12/12/07   Page 3 of 4

Therefore, both Michael Littleton and Brandon McNeely can be prevailing parties in this case.

Accordingly,

The Littletons' Motion to Strike [Doc. # 276] is DENIED.

IT IS SO ORDERED.

                                                              s/ Nanette K. Laughrey
                                                              NANETTE K. LAUGHREY
                                                              United States District Judge

DATE: December 12, 2007
Jefferson City, Missouri