IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MICHAEL LITTLETON and, ) | |
| GERRI LITTLETON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 05-4313-CV-C-NKL |
| ) | |
| BRANDON MCNEELY and ) | |
| WILLIAM WILLHITE, ) | |
| ) | |
| Defendants/ ) | |
| Third-Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ROBERT SMEDLEY, ) | |
| ) | |
| Third-Party Defendant. ) | |

**ORDER**

Pending before the Court is Plaintiff Michael Littleton's ("Littleton") Motion to Reconsider [Doc. # 281] this Court's order denying Littleton's Motion to Strike Defendant Brandon McNeely's Bill of Costs [Doc. # 276] made pursuant to Fed. R. Civ. P. 54(d)(1). Littleton's Motion is DENIED.

**I.      Background**

On June 19, 2005, a boat driven by McNeely on the Lake of the Ozarks collided with a boat driven by Plaintiff Michael Littleton and occupied by Gerri Littleton, Lisa Smedley and the boat's owner, Robert Smedley. The Littletons filed suit seeking

1

recovery for injuries they sustained in the accident. McNeely counterclaimed for contribution from Michael Littleton for any damages incurred by his wife, Gerri Littleton. McNeely also sought to reduce Michael Littleton's damages for comparative fault.

Ultimately, a jury found Michael Littleton 55% at fault and McNeely 45% at fault for the collision. The jury determined that Michael Littleton's damages were $200,000 and Gerri Littleton's damages were $12,500 for personal injury and $10,000 for loss of consortium. The jury found that Robert Smedley owed McNeely no contribution for the accident, necessarily concluding that Smedley was not responsible for entrusting the boat to Michael Littleton. The jury also found in favor McNeely on his contribution claim against Michael Littleton for injuries sustained by Gerri Littleton. (Doc. # 244). Littleton claims that only he is the "prevailing party" under Fed. R. Civ. P. 54(d)(1), and McNeely, therefore, cannot recover costs.

## II. Discussion

The Court understands Littleton's Motion as a request for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure. This rule provides relief to a party adversely affected by a judgment based upon mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, etc. Littleton alleges that this Court erred by relying on Missouri state law and finding that Littleton and McNeely are both "prevailing parties" under Rule 54(d) which provides that "costs other than attorneys fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1).

First, the Court understands that the FRCP are governed by federal law. State law, however, can be instructive as to how the FRCP should be interpreted, when similar issues have been raised in state court under similar state procedures. The Court has never said that state law dictated the resolution of Littleton's Motion to Strike.[1] The Court found the Missouri case, *Moore v. Cordes*, 19 S.W.3d 168, 169-70 (Mo. Ct. App. 2000), instructive as to a course of action clearly authorized under federal law. *See California Int'l Chem. Co. v. Sister H. Corp.*, 1999 U.S. App. LEXIS 868 (9th Cir. 1998) ("In this case . . . there was more than one prevailing party. Both CICC and the Harrises won on certain grounds and lost on others. While it is clear that CICC and Caparros prevailed overall, CICC did not "prevail" on its chief contention, breach of contract . . . . Therefore, the district court did not abuse its discretion on this matter.") *Also see, Bell v. Board of County Comm'rs of Jefferson County,* 2007 WL 1411613 (D. Kan. 2007). Second, the Court is not convinced by Littleton's assertion that McNeely cannot be a "prevailing party" because he did not state "an affirmative counterclaim[] for injuries and damages . . . ." (Littleton Br., 1-2). McNeely did prove a claim for contribution against Michael Littleton for damages sustained by Gerri Littleton in the boating accident. This claim was interwoven with McNeely's defense to Michael Littleton's claim, but a claim for contribution is clearly a separate claim. The fact that McNeely did not also ask for

---

[1]The Court, therefore, will not strike from its original order that "the Littletons filed suit in state court". Although Littleton is correct that the Court's previous order erroneously mentioned attorney fees, this reference did not affect the resolution of the question before the Court and does not justify another amendment.

3

damages to his boat does not mean he is not a prevailing party on the claim he did assert.

Littleton again urges the Court to apply *Garonzik v. Whitman Diner*, 910 F. Supp. 167 (D.N.J.1995), *Weseloh-Hurtig v. Hepker*, 152 F.R.D. 198 (D. Kan.1993), and *Fahey v. Carty*, 102 F.R.D. 751 (D.N.J.1983), for the proposition that in comparative negligence cases where the jury has determined that the plaintiff is partially at fault, Rule 54(d) mandates costs to the plaintiff as the prevailing party. Again, the Court repeats its refusal to do so because in *Garonzik*, *Hepker* and *Fahey*, the "non-prevailing" parties contested some or all of the plaintiff's bill of costs in part because some fault was assessed against the plaintiff. Those cases only stand for the proposition that plaintiffs can recover costs even though some fault has been assessed against them. At no point has the Court suggested that Littleton is not a "prevailing party" under Rule 54(d) on his claim for damages.. McNeely, the defendant, is seeking costs as the prevailing party on his claim for contribution, not contesting the right of Plaintiff to recover costs. Both Michael Littleton and Brandon McNeely can be prevailing parties in this case on their separate claims and Littleton has provided no basis under Rule 60 to justify reconsidering the Court's original order refusing to strike McNeely's Bill of Cost. That does not mean that McNeely is entitled to all his costs for the whole lawsuit as a result of his success on his contribution claim. It simply means that McNeely was the prevailing party on his contribution claim. The amount of costs to be assessed in favor of each party is not now before the Court.

Accordingly,

The Littletons' Motion to Reconsider [Doc. # 281] is DENIED.

IT IS SO ORDERED.

                                                        s/ Nanette K. Laughrey
                                                        NANETTE K. LAUGHREY
                                                        United States District Judge

DATE: February 11, 2008
Jefferson City, Missouri