IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MICHAEL LITTLETON & GERRI LITTLETON, | )<br>)<br>) |
| Plaintiffs, | )<br>) Case No. 05-4313-CV-C-NKL |
| vs. | )<br>) |
| BRANDON MCNEELY, | )<br>) |
| Defendant/Third-Party Plaintiff | )<br>)<br>) |
| vs. | )<br>)<br>) |
| ROBERT SMEDLEY, | )<br>) |
| Third-Party Defendant. | ) |

# O R D E R

Pending before the Court is Defendant/Third-Party Plaintiff McNeely's Application for Review of Award of Costs [Doc. # 300]. For the reasons stated herein, the Court denies this motion.

## I. Background

On June 19, 2005, a boat driven by McNeely on the Lake of the Ozarks collided with a boat driven by Plaintiff Michael Littleton and occupied by Plaintiff Gerri Littleton, Lisa Smedley and the boat's owner, Third-Party Defendant Robert Smedley. The Littletons filed

1

suit seeking recovery for injuries they sustained in the accident. McNeely counterclaimed for contribution from Michael Littleton for any damages incurred by his wife, Gerri Littleton. McNeely also sought to hold Smedley liable for the accident either for his negligence in failing to light the boat properly or entrustment of the boat to Littleton who had been drinking.

A jury found Michael Littleton 55% at fault and McNeely 45% at fault for the collision. However, Smedley prevailed on the negligent entrustment and negligence claims which McNeely had asserted against him. Ultimately, the Eighth Circuit Court of Appeals ruled that the Court erred by denying McNeely's motion for judgment as a matter of law on his contribution claim against Smedley because Smedley had the right to control the boat and therefore any negligence of Littleton was imputed to Smedley. *Littleton v. McNeely*, 56 F.3d 880, 885 (8th Cir. 2009). However, the jury's verdict finding Smedley not liable for negligence or negligent entrustment was unaltered by the appeal.

McNeely argues Smedley is not a prevailing party because judgment has been entered against him and in favor of McNeely for contribution. Smedley opposes the application for review and argues that he is a prevailing party because he successfully defended himself against claims for negligent entrustment and negligence.

## II. Discussion

The Clerk's Order assessing costs according to the apportionment of fault imputed to Smedley was proper.

Fed. R. Civ. P. 54(d)(1) provides that "costs other than attorneys' fees should be allowed to the prevailing party." To qualify as a prevailing party, a party must obtain "some relief on the merits." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992). "Any relief obtained must directly benefit [the party] at the time of the judgment or settlement." *Drennan v. Pulaski County Special Sch. Dist.*, 458 F.3d 755, 757 (8th Cir. 2006). Costs can be awarded to either plaintiffs or defendants, and a defendant may be liable to a third party defendant if the third party defendant successfully defends his actions. 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2667 (3d ed. 1998). *See also American State Bank v. Pace,* 124 F.R.D. 641 (D. Neb. 1987) (determining third-party defendant was prevailing party under Fed. R. Civ. P. 54(d) where third-party defendant provided a defense to plaintiff's claim).

With these governing rules in mind, the Court determines there was no error in the Clerk's assessment of costs. Though the Eighth Circuit ultimately determined Smedley must share in Michael Littleton's liability for Gerri Littleton's injuries, Smedley successfully defended himself against the claim of negligence and negligent entrustment. Had Smedley been found negligent for failing to properly light the boat or failing to keep a careful lookout, the jury could have held him responsible for all the damages and not just contribution for Littleton's fault. Because Smedley successfully defended himself against greater liability than requested by McNeely, he is a prevailing party.

**III.    Conclusion**

Accordingly, it is hereby ORDERED that Defendant/Third-Party Plaintiff McNeely's Application for Review of Award of Costs [Doc. # 300] is DENIED.

s/ NANETTE K. LAUGHREY
NANETTE K. LAUGHREY
United States District Judge

Dated: December 14, 2009
Jefferson City, Missouri